In the Matter of ANTHONY J. STORACE, a Justice of the Peace of the City of Rome, Respondent. THOMAS F. McCOY, as State Administrator and Secretary of the Judicial Conference of the State of New York, Petitioner.

Fourth Department, June 27, 1968.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Dan Lamont* of counsel), for petitioner.

*Edward J. Tyler, Corporation Counsel,* for respondent.

DEL VECCHIO, J. This controversy, by which the parties seek an adjudication as to whether the Justice of the Peace of the City of Rome is required to be an attorney admitted to practice law in this State at least five years, is before this court for determination in the first instance pursuant to CPLR 3222 (subd. [b], par. 3).

Petitioner is State Administrator and Secretary of the Judicial Conference of the State of New York. Respondent is the person who received the majority of votes for the office of Justice of the Peace of the City of Rome at the general election held in November, 1965 and who is presently purporting to act in that office. It is agreed that he is not an attorney and has not been admitted to practice in this State. It is also stipulated that the Justice of the Peace of the City of Rome has no jurisdiction over criminal matters arising within the City of Rome, and that his jurisdiction is restricted to the civil jurisdiction granted the Justices of the Peace of the several towns of the State.

Subdivision a of section 20 of article VI of the New York State Constitution, effective September 1, 1962 and adopted in order to create a " unified court system in the State ", provides in part: " No person, other than one who holds such office at the effective date of this article, may assume the office of judge of the county court, surrogate's court, family court, a court for the city of New York established pursuant to section fifteen of this article, district court or city court outside the city of New York unless he has been admitted to practice law in this state at least five years or such greater number of years as the legislature may determine." Petitioner contends that the office of Justice of the Peace of the City of Rome is an office of " city court outside the city of New York " and that the foregoing quoted constitutional provision makes respondent ineligible for such office inasmuch as he is not an attorney licensed to practice law in this State. In support of this position it is asserted that the phrase " city court " is used in article VI in its generic sense — as applying to all courts in all cities (outside the City of New York) without regard to the particular title given the court in the city charter creating it and without regard to the jurisdiction conferred therein. Respondent, on the other hand, contends that the office in question is not a city court within the meaning of article VI but that his position is that of Justice of the Peace, for which he is not required to be an attorney.

A reading of article VI in its entirety supports the position taken by petitioner. The section is titled " Judges and justices; qualifications; eligibility for other office or service; restrictions." and provides in subdivision a that no person shall assume the office of Judge of the Court of Appeals, Justice of the Supreme Court or Judge of the Court of Claims unless he shall be an attorney admitted to practice law in this State at least ten years. It further provides that no person shall assume the office of Judge of County Court, Surrogate's Court, Family Court, a court for the City of New York established pursuant to section 15 of the

article, District Court or City Court outside New York City unless he shall be an attorney admitted to practice law in this State at least five years.*

It must be observed that, of the courts authorized by subdivision a of section 1 of article VI to be part of the unified court system, the only groups which are not included among the courts whose Judges must be attorneys by section 20 are town and village courts outside the City of New York. Special legal training for Justices of these latter courts who are not attorneys is mandated by subdivision c of section 20, which directs that the Legislature " shall require a course of training and education to be completed by justices of town and village courts selected after the effective date of this article who have not been admitted to practice law in this state." Since, however, subdivision c of section 20 does not include Justices within cities, such persons are exempt from the special training there prescribed. If respondent's construction of subdivision a of section 20 is accepted (by which the Rome Justice Court would not be included among city courts whose officeholders must be admitted to practice in this State), city justice courts would be the only courts within the unified court system presided over by persons lacking any legal background or training and who could be less qualified than a Justice of a town or village. We do not believe such a result was intended or contemplated, and no such construction should be adopted. No logical reason appears why holders of the position of Justice of City Justice Courts should be exempt from the over-all plan provided by section 20 of article VI to assure qualification by admission to the Bar or by legal training for the tasks peculiar to judicial office. Accordingly, we conclude that the court of the Justice of the Peace of the City of Rome is a city court within subdivision a of section 20 of article VI of the New York State Constitution, and that respondent, who has not been admitted to the practice of law in this State, is ineligible to hold the office of Justice of such court.

Pursuant to stipulation, judgment should be entered that respondent be removed from such office unless within 30 days after entry of such judgment he resigns said office.

GOLDMAN, J. P., MARSH, WITMER and HENRY, JJ., concur.

Controversy unanimously determined in favor of petitioner, without costs.

---

* Both provisions for qualification with respect to admission to the practice of law contain exceptions for incumbents on the effective date of the constitutional article.