Milton L. Epstein, Esq. City Attorney, Beacon
You ask whether the provision of the State Constitution that no person may assume the office of Judge of a city court (outside the City of New York) who has not been admitted to practice law in the State for at least five years (N.Y. Constitution, Art VI, § 20[a]), applies to the office of assistant city judge for the City of Beacon.
All judges of courts in the unified court system, except justices of village and town courts, are required to be attorneys admitted to practice in the State (ibid.). Justices of town and village courts who are not attorneys admitted to practice in the State are required to complete a course of training and education (id., Art VI, § 20 [c]).
In Matter of Storace, 30 A.D.2d 220 (4th Dept, 1968), the issue was whether the justice of the peace of the City of Rome was required to be an attorney admitted to practice law in the State for at least five years. An answer to the question depended upon the interpretation of section 20 (a) of Article VI of the State Constitution, which requires admission to practice for five years to qualify as a "judge" of a "city court". The petitioner, State Administrator and Secretary of the Judicial Conference of the State of New York, asserted that the phrase "city court" is used in section 20 (a) of Article VI of the State Constitution in its generic sense and applies to all courts in cities (outside New York City) without regard to the particular title and jurisdiction given the Court in the city charter establishing the court. The respondent, who was elected to the office of justice of the peace, contended that the office of justice of the peace was not a city court within the meaning of section 20 (a) and that he need not be an attorney to assume office.
In agreeing with the petitioner's position, the Appellate Division reasoned that the admission to practice and training requirements of section 20 (a) and (c) of the State Constitution insure that all judges in the unified court system have either a legal background or training (town and village justices who are not attorneys) to qualify them for office (id., p 220). The Court held that the constitutional requirement of admission to practice for a "judge" of a "city court" should be read broadly to include any judge serving a city, regardless of official title. It was decided that the justice of the peace of the City of Rome was a "judge" of a "city court" subject to the qualifications of section 20 (a). To have decided otherwise would exempt some judges from any experience or training requirements, a result the Court did not believe is contemplated by the State Constitution.
The holding in Matter of Storace, supra, is determinative of the question you raised. We conclude that a person who has not been admitted to practice law in the State for at least five years may not assume the office of assistant city judge.