OPINION OF THE COURT
Peter C. Patsalos, J.
This petition for writ of habeas corpus raises the issue that the Acting Judge of the City of Port Jervis, New York, a nonlawyer Judge, improperly sat on the preliminary hearing and setting bail thereafter of one Richard Clark Ray. The petitioner states that Judge Ehre, a Justice of the Peace from the adjoining community of Deerpark, New York, does not meet the requirements of NY Constitution, article VI, § 20 (a) in that he is not “admitted to practice law in this state for at least five years”.
The City of Port Jervis has an elected City Judge and an Acting City Judge nominated by the Mayor and appointed by that City’s Common Council. The Acting Judge sits only when the City Judge is disqualified, is absent or has other conflicts with a particular matter coming before the court.
In early 1983 the Acting City Judge died and no resident lawyer could be found to accept the appointment as Acting Judge.
The Common Council moved under NY Constitution, article VI, § 26 (j) to provide for temporary assignments of the Justices *1058 of the Peace from Deerpark, New York, an adjoining community to the Port Jervis City Court. Resolutions were passed by the Common Council of Port Jervis, as well as the Town Board of the Town of Deerpark, each consenting to such temporary assignments. In addition, the City of Port Jervis, under Judiciary Law, article 2, § 12-b, through the Administrative Judge of the Ninth Judicial District, petitioned the Appellate Division, Second Department, for the temporary assignment of the Town Justices of the Town of Deerpark to serve when necessary as Acting Judge of the City of Port Jervis. The Appellate Division, Second Department, did in fact temporarily assign the Honorable John Ehre and the Honorable Fred Stoll, Jr. “in addition to their other duties, to the City Court of Port Jervis until December 31, 1985”.
Judiciary Law, article 2, § 12-b states that the Appellate Division may provide for the temporary assignment of any Town, Village or City Court Judge within its Judicial Department to any other Town, Village or City Court within said department, upon the consent of the legislative bodies of the local communities involved. It further reads in part: “While temporarily assigned pursuant to the provisions of this section, any Judge or Justice shall have the powers, duties and jurisdiction of a judge or justice of the court to which assigned.”
This is clear and unequivocal language. Our Constitution specifically provides that once a Justice is properly assigned in accordance with subdivision j of section 26 as Justices Ehre and Stoll have been, they acquire all of “the powers, duties and jurisdiction of a judge of the court to which assigned”, in this case the City of Port Jervis, regardless of whether they are nonlawyer Judges. (NY Const, art VI, § 26 [k]; People v Rodriguez, 58 NY2d 327.) The Justices from Deerpark are duly elected to the Judiciary by their constituents of that community. The various laws mentioned in this decision provide for such appointment on a temporary basis, without regard or mention as to whether this temporary arrangement provides lawyer Judges or nonlawyer Judges. For the court to accept the petitioner’s contentions would be to thwart the law’s intention to relieve this temporary problem and violate the rights of the accused. These laws are written with the view of safeguarding the smooth, continuing and consistent workings of the judicial system and in this way protecting the rights of the accused.
The case at bar should be distinguished from Matter of Storace (30 AD2d 220) in that Justice Storace was a nonlawyer Judge who in fact ran and was elected by the residents of the City of *1059 Rome, New York. The petitioner in that case was the State Administrator and the Secretary of the Judicial Conference of New York State. Respondent was the person who received the majority of votes for the office of Justice of the Peace of the City of Rome, New York, at a general election held in November 1965. New York State Constitution effective 1962 created a unified court system providing a person who holds the office of City Judge must be an attorney admitted to practice in New York State at least five years. The office of Justice of the Peace of the City of Rome, New York, was construed to be a City Court within NY Constitution, article VI, § 20 (a).
In the present case the factual situation differs to a great degree.
In addition, the court is without authority to review an order of an appeals court such as the Appellate Division of this Second Department, which in fact temporarily assigned Honorable John Ehre and the Honorable Fred Stoll, Jr., Town Justices of Deerpark in addition to their other duties and/or assignments, to the City Court of Port Jervis until December 31, 1985.
Therefore, based on the foregoing, the petition seeking the release of Richard Clark Ray is denied in all respects.